UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMMY POWELL and BOBBY POWELL, Individually and as Court-Appointed Guardian of His Wife, TAMMY POWELL, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:08-cv-1621-WTL-TAB |
| UNITED PARCEL SERVICE, INC. Defendant. | ) ) ) | |

## ORDER ON MOTION TO QUASH

### I.      Introduction

Plaintiffs Tammy and Bobby Powell requested the Wal-Mart Vision Center records of nonparty Raymond Moon.  Moon and his employer, Defendant United Parcel Service, Inc., moved to quash the Powells' request based upon the physician-patient privilege.  [Docket No. 59–60.]  Because the records are protected by the physician-patient privilege and Moon has not waived the privilege by placing his eyesight at issue, the Court grants the motion to quash.  [Docket No. 59.]

### II.      Background

On September 16, 2008, Tammy Powell's car crashed into a UPS truck driven by Moon, severely injuring Tammy.  The Powells sued UPS, alleging that Moon's negligent operation of the UPS truck caused Tammy's injuries.  During his deposition, Moon testified that he is nearsighted and wears glasses when driving.  [Docket No. 62, Ex. G at 17.]  Moon also testified that he had an eye exam at the Greenfield Wal-Mart Vision Center in December 2008, but he did not know whether his prescription was changed at that time.  [*Id.* at 21–22.]  Finally, Moon testified that he did not see Tammy's vehicle before the collision.  [*Id.* at 118.]

In January 2010, the Powells served a request for production to non-party and a subpoena duces tecum on the Greenfield Wal-Mart Vision Center seeking Moon's vision records from 2002 through the present. [Docket No. 60, Ex. B.] UPS and Moon moved to quash. [Docket No. 59.] The parties briefed the issue and had a full opportunity to be heard during a March 15, 2010, telephonic status conference. The Court also reviewed the records at issue *in camera*.

**III.   Discussion**

Indiana Code section 34-36-3-1 provides that physicians "shall not be required to testify . . . as to matters communicated to them by patients, in the course of their professional business, or advice given in such cases." This physician-patient privilege exists to "inspire full and complete disclosure of knowledge pertinent and necessary to a trustful and proper relationship." *Green v. State*, 274 N.E.2d 267, 273 (Ind. 1971). But the privilege is not absolute—the patient may waive it expressly or by implication. *Vargas v. Shepherd*, 903 N.E.2d 1026, 1030 (Ind. Ct. App. 2009). Waiver by implication is common when a party places his or her medical condition at issue, such as when a plaintiff seeks to recover for personal injury. *Id.*

This case differs from the typical waiver case because the defendant and a nonparty, rather than the plaintiff, are asserting the physician-patient privilege. The primary Indiana case in which a defendant asserted the physician-patient privilege is *Ley v. Blose*, 698 N.E.2d 381 (Ind. Ct. App. 1998). *Ley* was a medical malpractice action in which the plaintiff sought the defendant physician's records for alcoholism treatment. The plaintiff argued that the physician had waived the physician-patient privilege as to his alcoholism records because during discovery he had conceded that he was an alcoholic and received treatment. The Court of Appeals rejected the plaintiff's argument that the defendant physician waived the privilege:

2

> Unlike a personal injury plaintiff, Ley did not voluntarily place his physical or mental condition at issue.  Rather, Blose made an issue of Ley's alcoholism, and Ley merely conceded that he was afflicted by and received treatment for the disease.  Ley neither asserted alcoholism as an affirmative defense nor disclosed any specific details about his communications [in treatment].  Moreover, Ley affirmatively opposed disclosure of the records.  Because these actions fail to evince an express or implied intention to waive the patient-physician privilege, we conclude that the trial court erred in ordering disclosure of Ley's patient records [for alcoholism treatment].

*Id.* at 384.

As in *Ley*, the Powells had a full opportunity to depose Moon concerning his eyesight, and only the Powells' subpoena of Moon's vision records is contested.  The Powells, not Moon, placed Moon's eyesight at issue by arguing that he was negligent in failing to see Tammy's vehicle.  [*See* Docket No. 62 at 12.]  Moon does not argue that poor vision excuses him from liability or that perfect vision forecloses the Powells' theory.  Instead, like the defendant physician in *Ley*, Moon acknowledged that he wears corrective lenses but did not disclose any specific details about his communications with his optometrist.  Further, Moon affirmatively opposed disclosure of his Wal-Mart Vision Center records.  Under these circumstances, Moon has not placed his eyesight at issue, and he has not waived the privilege surrounding his Wal-Mart Vision Center records.  The Court therefore grants UPS and Moon's motion to quash.

**IV.   Conclusion**

Because Moon has not waived the physician-patient privilege surrounding his Wal-Mart Vision Center records, the Court grants UPS and Moon's motion to quash.  [Docket No. 59.]

Dated:   04/13/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

O. Daniel Ansa
MORRISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP
Four Penn Center, Suite 900
1600 JFK Blvd.
Philadelphia, PA 19103

Melissa Forcum Danielson
KIGHTLINGER & GRAY
mdanielson@k-glaw.com

John P. Lock
MORRISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP
john.lock@ansalaw.com

Jason Ruskin Reese
WAGNER REESE & CROSSEN, LLP
jreese@injuryattorneys.com

Jennifer Wright Schick
MORRISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP
jennifer.schick@ansalaw.com

John P. Schuerman
THE SCHUERMAN LAW FIRM
jschuerman@schuermanlaw.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

D. Bryce Zoeller
KIGHTLINGER & GRAY
bzoeller@k-glaw.com